COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2464**

STATE OF WISCONSIN

Cir. Ct. No. **2024SC1914**

IN COURT OF APPEALS
DISTRICT I

HOUSING AUTHORITY OF THE CITY OF MILWAUKEE,

PLAINTIFF-APPELLANT,

V.

PARTY SEALED BY JUDGE MORALES-42,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed in part, reversed in part and cause remanded with directions.*

¶1 DONALD, C.J.[1] The Housing Authority of the City of Milwaukee (HACM) appeals an order of the circuit court which dismissed in full its claims

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

against its former tenant, Sharee Dunn. HACM argues that the inclusion of an abandonment clause in its lease agreement with Dunn did not constitute a violation of WIS. STAT. § 704.44(2m); that, even if it did constitute a violation, the result of that violation would be a periodic tenancy governed by the provisions of WIS. STAT. ch. 704; and that, under such periodic tenancy, Dunn was required to establish that she suffered a pecuniary loss based on that violation in order to be entitled to damages.

¶2 HACM contends that the circuit court erred when it waived Dunn's burden of proving damages, and concluded that her damages included all unpaid rent and costs under the lease agreement. In addition, HACM argues that the circuit court erred when it failed to address HACM's argument that WIS. ADMIN. CODE ch. ATCP 134 does not apply to HACM because it is a government housing provider. For the following reasons, we affirm in part and reverse in part the order of the circuit court, and remand with directions.

## BACKGROUND

¶3 On September 15, 2023, HACM served its then-tenant, Sharee Dunn, with a 30-day notice terminating her tenancy and alleging that Dunn was delinquent in the payment of rent by $9,708. When Dunn failed to cure the notice within the 30-day time period, HACM initiated an eviction action on January 23, 2024.

¶4 By the time the parties appeared for a contested hearing, Dunn had already voluntarily vacated the property. As of the date that Dunn vacated the property, her account was purportedly delinquent in the amount of $16,466.59. HACM's records indicated that various community organizations had made

payments towards Dunn's rent, but that Dunn herself had not made a single rent payment since 2020.

¶5   HACM sought to recoup the amount it claimed that Dunn owed; however, Dunn raised legal challenges as to the validity of the lease agreement. Specifically, Dunn argued that the abandonment clause in the lease constituted a voidable lease provision, in violation of WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08, meaning that Dunn did not owe the balance alleged by HACM.   Dunn also brought a counterclaim against HACM, arguing that, because the lease agreement was void due to a violation of § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08, Dunn was entitled to the return of all funds she paid to HACM under the lease agreement, along with double damages and attorney's fees under WIS. STAT. § 100.20(5).

¶6   After briefing and oral argument, the circuit court found that the abandonment clause in the lease agreement was a voidable lease provision in violation of WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08. The court therefore found the entire lease agreement to be void and unenforceable, and denied in full HACM's claims for unpaid rent and fees.   Apart from declaring the lease void, the court did not explain its reasoning or make findings regarding HACM's other arguments.   The court also denied Dunn's counterclaim in full. HACM now appeals.

### STANDARD OF REVIEW

¶7   The issues herein generally involve statutory interpretation, which is a question of law that we review de novo. ***Zubek v. Edlund***, 228 Wis. 2d 783, 788, 598 N.W.2d 273 (Ct. App. 1999).   The remaining issues involve the application of statutes to undisputed facts and contract language presented before

the circuit court; the application of a statute to a set of undisputed facts is another issue that we review de novo. *State v. P.G. Miron Constr. Co.*, 181 Wis. 2d 1045, 1052, 512 N.W.2d 499 (1994). "Further, when interpreting administrative regulations, we use the same rules of interpretation as we apply to statutes." *DaimlerChrysler v. LIRC*, 2007 WI 15, ¶10, 299 Wis. 2d 1, 727 N.W.2d 311.

## DISCUSSION

### I. The circuit court correctly determined that the abandonment clause in the lease agreement violated WIS. STAT. § 704.44 and WIS. ADMIN. CODE § ATCP 134.08.

¶8    HACM argues that the circuit court's sole basis for denying HACM's request for judgment for unpaid rent and other costs was its conclusion that the abandonment clause in the lease was a violation of WIS. STAT. § 704.44(2m). That statute provides that any residential lease is void and unenforceable if it "[a]uthorizes the eviction or exclusion of a tenant from the premises, other than by judicial eviction procedures as provided under [WIS. STAT.] ch. 799."[2] In other words, HACM argues, the statute prohibits landlords from engaging in "self-help" evictions.

¶9    The abandonment clause in HACM's lease agreement states:

> If the Resident vacates or abandons the dwelling unit, or permits it to remain vacant for a period of fourteen (14) days without prior notice to or without consent of the Landlord, the Landlord may elect to treat such

---

[2] WISCONSIN STAT. § 704.44(2m) is identical to WIS. ADMIN. CODE § ATCP 134.08. WISCONSIN STAT. § 100.20(5) "supplies the teeth" to WIS. ADMIN. CODE ch. ATCP 134, *Kaskin v. John Lynch Chevrolet-Pontiac Sales, Inc.*, 2009 WI App 65, ¶9, 318 Wis. 2d 802, 767 N.W.2d 394, and anyone who suffers a pecuniary loss because of a violation of WIS. ADMIN. CODE ch. ATCP 134 "shall recover twice the amount of such pecuniary loss, together with costs, including a reasonable attorney fee."

abandonment of the dwelling as a termination of the lease and may elect to take possession of the premises for the purpose of mitigating the damages for which the Resident is liable, with or without giving any notice or demand for possession to the Resident; and the Resident hereby grants the Landlord full and free license to enter into and upon said premises or any part thereof, and take possession with or without process of law, and to remove the furniture and all personal property from said premises, in accordance with the provisions of Chapter 704 of Wisconsin State Law; and such entry shall not constitute a forcible entry, nor ensue a forfeiture of rents due under this Lease, nor a waiver of any covenant or provision in said Lease contained, to be performed by the Resident.

¶10    HACM insists that the lease provision is a standard abandonment clause, and points out that the clause was never even at issue as it relates to Dunn's tenancy or the eviction action against her.   HACM argues that the language of the clause clearly does not "authorize the eviction or exclusion of a tenant from the premises," except by through the statutory eviction process. HACM insists that the clause is only applicable when a tenant has voluntarily removed themselves from the property and does not intend to return.   In such cases, HACM argues, the provision proscribes management's obligation to mitigate its damages by reletting the property, and addresses how to handle any personal property that may be left in the premises.

¶11    In support of its argument, HACM points to *Young v. Landstar Investments LLC*, No. 2014AP2507, unpublished slip op. (WI App Dec. 3, 2015), in which the plaintiff made an identical argument—that the abandonment clause in her lease was a violation of WIS. STAT. § 704.44(2m), rendering her lease agreement void and unenforceable, and relieving her from the responsibility to pay any rent owed.  The abandonment clause in that case read:

If Tenant shall abandon the premises before the expiration of the lease term, Landlord shall make reasonable effort to release premises and shall apply any rent received, less

> costs of re-leasing, to the rent due or to become due on the lease, and tenant shall [sic] liable for any deficiency. If Tenant is absent from the premises for three successive weeks and rent for that same month has not been paid in full, without notifying Landlord in writing to such absence, Landlord, at its sole option, may deem the premises abandoned. If at abandonment Tenant leaves any property in the leased premises, Landlord shall have the right to dispose of the property as provided by law.

*Landstar*, No. 2014AP2507, ¶21.

¶12  HACM argues that the abandonment clause in *Landstar* is nearly identical to the abandonment clause in its lease agreement here. HACM asserts that both clauses address the landlord's duty to mitigate its damages if the tenant abandons the premises before expiration of the lease term; that the landlord may deem the premises abandoned if the tenant is absent for a specific period and rent remains unpaid; and how to handle personal property left in the rented premises.

¶13  HACM takes issue with the fact that the circuit court did not explain why it disagreed with the persuasive authority of *Landstar*, or provide any analysis as to why it believed the situations were distinguishable. HACM also points out that the court failed to explain how a tenant would be "evicted" pursuant to the abandonment clause when, as identified in *Landstar*, an abandonment clause is only applicable when the tenant is no longer in possession of the property.[3]

---

[3] HACM further supports its argument by pointing to the Wisconsin Legal Blank residential lease agreement and the handbook for the Department of Housing and Urban Development (HUD); however, as pointed out by Dunn, these materials were not made a part of the record. *See Sedlet Plumbing & Heating, Inc. v. Village Ct., Ltd.*, 61 Wis. 2d 479, 483, 212 N.W.2d 681 (1973) (stating that "[a]n appellate court must confine itself to the record").

¶14    HACM also argues that abandonment clauses in leases are incredibly common and that were we to find that such a provision renders a lease agreement void, it would "throw state landlord-tenant matters into chaos[.]"  Ultimately, HACM concludes that the persuasive precedent set by *Landstar*, the lack of any explicit prohibition against abandonment clauses in the statutes, as well as the guidance from the HUD Handbook, all establish that the abandonment clause in HACM's lease is not a voidable lease term.

¶15    In contrast, Dunn argues that for "the purposes of the statute, it is irrelevant whether a landlord ever actually seeks to enforce one of the prohibited clauses" because the "harm occurs in the drafting and signing of a lease with a prohibited clause."  Dunn points out that WIS. STAT. § 704.44 is unique, in that it prohibits language from being included in the rental agreement and imposes a penalty beyond simple unenforceability of the individual provision, instead rendering the entire contract void and unenforceable.  Dunn argues that "[e]nforcing the statute only when a landlord sought to use the prohibited clause would frustrate the legislative purpose of prevention at the point of the drafting of the rental agreement."

¶16    Dunn further argues that the abandonment clause in HACM's lease agreement unambiguously allows HACM to exclude a tenant from the premises without going through the judicial eviction process.  As an example, Dunn posits that, under the abandonment clause, a tenant who was hospitalized for three weeks and unable to contact their landlord due to the hospitalization would have technically left the premises vacant for over fourteen days without asking the landlord's permission; this would allow the landlord, under the lease, to elect to treat this absence as an abandonment, and the landlord could enter the premises, change the locks, dispose of the tenant's personal belongings, and re-rent the

premises all without going through the judicial eviction process or allowing the tenant an opportunity to deny that they had abandoned the premises. Dunn points out that, importantly, the lease provision doesn't condition such a determination on the absence coinciding with non-payment of rent, and thus, the clause allows all of the above to occur even when the tenant has paid their rent in full.

¶17 In deciding this issue, we begin with the language of the statute. "Statutory interpretation begins with the language of the statute. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meanings." *Singler v. Zurich Am. Ins. Co.*, 2014 WI App 108, ¶17, 357 Wis. 2d 604, 855 N.W.2d 707.

¶18 WISCONSIN STAT. § 704.44(2m) unambiguously prohibits the inclusion of any provision that allows for the eviction or exclusion of a tenant except by the judicial eviction process. Here, the abandonment clause *could* allow for the unauthorized eviction or exclusion of a tenant, because there is nothing in the lease provision that distinguishes between a tenant who is still legally in possession of the property and one who is not.

¶19 While HACM points to *Landstar* to support its position, we find *Landstar* unpersuasive. The court in *Landstar* did not conduct any analysis as to what factors demonstrate whether a tenant is no longer in possession of the premises. *See David Christensen Trucking & Excavating, Inc. v. Mehdian*, 2006 WI App 254, ¶21, 297 Wis. 2d 765, 726 N.W.2d 689 (finding that the circuit court properly concluded that tenants intended to abandon the property where they removed all of their belongings and fixtures from the premises and had failed to pay rent for two months); *Rapids Assocs. v. Shopko Stores, Inc.*, 96 Wis. 2d 516,

519, 292 N.W.2d 668 ("The definition of abandonment, as applied to leases, involves an absolute relinquishment of the premises by a tenant, and consists of an act or omission and an intent to abandon."). In addition, it should be noted that HACM's lease provision allows the landlord "to enter into and upon said premises or any part thereof, and take possession *with or without process of law*." (Emphasis added.) The lease provision in ***Landstar*** contained no such language.

¶20 It is the inclusion of an illegal provision itself that violates the statute. *See* ***Baierl v. McTaggart***, 2001 WI 107, ¶23, 245 Wis. 2d 632, 629 N.W.2d 277. This is true regardless of whether the landlord ever seeks to enforce the illegal provision. ***Id.***, ¶28. Because the lease provision violates WIS. STAT. § 704.44(2m), the entire lease is void and unenforceable. It follows, then, that HACM cannot enforce the lease agreement against Dunn. *See* WIS. STAT. § 100.20(5); ***Baierl***, 245 Wis. 2d 632, ¶2 (determining that, because the lease included a voidable lease provision, the landlord could not enforce the lease agreement against the tenants). We therefore conclude that the circuit court did not err when it found that HACM's abandonment clause violated § 704.44(2m).

## II. The circuit court erred when it declined to find that the result of a voided lease is a periodic tenancy.

¶21 HACM argues that the plain language of the statutes directs that if a lease is found to be void, the tenancy reverts to a periodic tenancy. HACM takes issue with the fact that, after the circuit court determined that the lease agreement was void, it apparently provided no further explanation, reasoning, or support for its decision denying HACM's request for judgment. HACM argues that, under such resulting periodic tenancy, rent would continue to be owed, with the result not being an "ungoverned, undefined relationship between the parties under which

the landlord is unable to collect any delinquent rent and the tenant no occupancy rights."

¶22  HACM points out that WIS. STAT. § 704.01(2) defines a "periodic tenant" as a "tenant who holds possession without a valid lease and pays rent on a periodic basis."  HACM reasons that, if a written lease agreement is found to be void and unenforceable, it is no longer a "valid" lease, and the only reasonable result is that the tenant would then be a "periodic tenant" whose tenancy is governed by the rules and procedures of WIS. STAT. ch. 704.

¶23  HACM further argues that such a result "benefits landlords and tenants alike" because it "frees tenants from rental agreements with illegal lease terms" while also assuring that "landlords receive compensation for the premises being provided[.]"  HACM also posits that this prevents the relationship from being undefined to the point that neither party is sure what rules govern it.

¶24  In contrast, Dunn argues that HACM has no right to seek to recover damages under an illegal and void lease agreement.  In addition, Dunn points out that "[h]ad the legislature intended the drafter of a contract containing the prohibited clauses to retain some benefit, language to effectuate that goal would have been inserted."  Dunn argues that allowing HACM to recover funds owed under a void contract, under a theory of unjust enrichment or quantum meruit, "is a backdoor way to sever the prohibited clause and relieve HACM of any significant consequences for including it in the lease."

¶25  Our supreme court recently addressed this issue in ***Koble Investments v. Marquardt***, 2026 WI 19, 420 Wis. 2d 304, 35 N.W.3d 488.  In that case, Koble brought an eviction action against its tenant, Marquardt, based on failure to pay rent.  *Id.*, ¶1.  In response, Marquardt claimed her lease was void

and unenforceable under WIS. STAT. § 704.44(10) and WIS. ADMIN. CODE § ATCP 134.08(10),[4] because the lease allowed Koble to terminate the tenancy "for a crime committed in relation to the rental property," but lacked the domestic abuse protections notice required under WIS. STAT. § 704.14,[5] under which "a tenant has a defense to an eviction action" if the action is based on conduct related to the domestic abuse. *Id.* The circuit court concluded that the lease was not void or unenforceable because the lease did not authorize eviction based on the commission of a crime against Marquardt. *Id.*, ¶2.

¶26    The court of appeals reversed, finding the lease to be void and unenforceable under WIS. STAT. § 704.44(10) and WIS. ADMIN. CODE § ATCP 134.08(10) because the lease lacked the notice of domestic abuse protections required by WIS. STAT. § 704.14 while including a provision that allowed the landlord to terminate the tenancy "for a crime committed in relation to the rental property." *Koble*, 420 Wis. 2d 304, ¶3. Thus, the court held that WIS. STAT. § 100.20(5) entitled Marquardt to recover double the damages caused by Koble's violation. *Id.*

¶27    On review, our supreme court determined that, even if the lease was void and unenforceable, Marquardt could not recover any damages under WIS. STAT. § 100.20(5) because she had not established that Koble's alleged violation

---

[4] WISCONSIN STAT. § 704.44(10) and WIS. ADMIN. CODE § ATCP 134.08(10) both state that a residential rental agreement is void and unenforceable if it "[a]llows the landlord to terminate the tenancy of a tenant for a crime committed in relation to the rental property and the rental agreement does not include the notice required under [WIS. STAT. §] 704.14."

[5] WISCONSIN STAT. § 704.14 generally requires that a residential rental agreement include a specific "notice of domestic abuse protections" in the agreement or in an addendum to the agreement.

caused her to suffer a pecuniary loss. ***Koble***, 420 Wis. 2d 304, ¶25. In addition, the court pointed out that "the law does not allow a tenant to occupy premises rent-free simply because the lease is void and unenforceable." ***Id.***, ¶28. "Under Wisconsin law, a tenant occupying a premises under a void and unenforceable lease becomes a 'periodic tenant' under WIS. STAT. § 704.01(2)[6] obligated to pay rent on whatever basis she had been paying rent under the lease[.]" ***Koble***, 420 Wis. 2d 304, ¶28.

¶28 Applying the same principles to the present case, we conclude that the circuit court erred when it failed to find that the result of Dunn's lease agreement being found void and unenforceable resulted in a periodic tenancy under WIS. STAT. § 704.01(2). Thus, even though Dunn's lease agreement violated WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08, and was therefore void and unenforceable, those provisions cannot shield her from her obligation to pay rent for the time that she resided in the property. We therefore reverse the circuit court's order as to this issue, and remand with directions that the circuit court should make findings on the record as to what amount, if any, is owed to HACM under the resulting periodic tenancy.

**III. The remaining issues raised by HACM are moot.**

¶29 Lastly, HACM argues that the circuit court erred when it determined, "without evidence," that the appropriate damages to be awarded to Dunn constituted the total amount of unpaid rent, costs, and fees for which HACM

---

[6] Under WIS. STAT. § 704.01(2), a "periodic tenant" means "a tenant who holds possession without a valid lease and pays rent on a periodic basis. It includes a tenant from day-to-day, week-to-week, month-to-month, year-to-year or other recurring interval of time, the period being determined by the intent of the parties under the circumstances, with the interval between rent-paying dates normally evidencing that intent."

sought judgment. HACM argues that this decision improperly shifted the burden of proof away from Dunn to prove her pecuniary loss. HACM also takes issue with the fact that the circuit court failed to consider the inapplicability of the ATCP to HACM, given its status as a governmental entity.

¶30 Our supreme court made clear in its recent decision in **Koble** that a tenant cannot recover any damages under WIS. STAT. § 100.20(5) if they have not established that a landlord's violation of WIS. STAT. § 704.44 and WIS. ADMIN. CODE § ATCP 134.08 caused any pecuniary loss. *See* **Koble**, 420 Wis. 2d 304, ¶27 ("A person making a claim under WIS. STAT. § 100.20(5) must prove [he or] she actually paid for unauthorized charges."). In addition, a party asserting a pecuniary loss under § 100.20(5) must establish a causal connection between the alleged violation and the damage incurred. *Id.*, ¶29.

¶31 We therefore agree with HACM's general assertion that Dunn would be required to establish a causal connection between the inclusion of the illegal abandonment provision in her lease agreement and any claimed pecuniary loss; notably, however, Dunn was not awarded any damages by the circuit court. Instead, her counterclaim was denied in full, as counsel acknowledged that they didn't "really have any good response to [HACM's] most recent filing regarding the limits of the application of … the notice of claim requirements." Dunn has not appealed that denial. Thus, any issues regarding the counterclaim, including the applicability or inapplicability of the ATCP to HACM, are moot. "Generally, moot issues will not be considered on appeal," **State v. Jeremiah C.**, 2003 WI App 40, ¶10, 260 Wis. 2d 359, 659 N.W.2d 193, and HACM has not provided us with a reason why we should make an exception in this case. We see no need to address this issue further.

**CONCLUSION**

¶32    For all of the aforementioned reasons, we affirm that part of the circuit court's order which held that the abandonment clause in the lease agreement violated WIS. STAT. § 704.44(2m) and WIS. ADMIN. CODE § ATCP 134.08, resulting in the lease agreement being void and unenforceable; we reverse that part of the court's order which failed to find that the result of the void and unenforceable lease was a periodic tenancy governed by the provisions of WIS. STAT. ch. 704.  We remand to the circuit court with directions that it should conduct proceedings strictly limited to calculating the appropriate amount of unpaid monthly rent owed to HACM under the resulting periodic tenancy.  The court should place on the record its reasoning for applying any proven offsets.

       *By the Court.*—Order affirmed in part, reversed in part and cause remanded with directions.

       This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.